*E-FILED 11/2/06*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DON C. LUNDELL ET AL., | NO. C-05 3970 JW (RS) |
| Plaintiffs, | **ORDER** |
| v. | |
| DELL, INC., | |
| Defendant. | |

Before the Court is plaintiffs' request for an order requiring defendant "to submit to 'confirmatory discovery' regarding the Settlement in this matter." The Court has reviewed the letter briefs submitted by the parties and the record herein and finds this matter appropriate for resolution without oral argument, pursuant to Local Civil Rule 7-1 (b). Plaintiffs' request for relief is denied.

In essence, plaintiffs are seeking to enforce obligations they believe exist under the preliminary settlement agreement. As such, the Federal Rules of Civil Procedure authorizing motions to compel are not directly applicable, particularly to the extent that plaintiffs are requesting that defendant be required to respond "informally." Even to the extent that plaintiffs are seeking to compel a deposition they noticed pursuant to Fed. R. Civ. P. 30 (b) (6), relief is not warranted because the discovery sought by plaintiffs is not directed at obtaining information that "is relevant to the claim or defense of any party." Fed. R. Civ. P. 26 (b) (1). Even assuming it is "relevant to the

subject matter involved in the action" plaintiffs have not established sufficient "good cause." *Id.*[1] What technological measures defendant is or is not implementing under its view of what is required by the settlement agreement is simply not an issue that would be litigated in this action were it proceeding on the merits. Plaintiffs are certainly entitled to conclude that they "need" this information as a condition to supporting the settlement, but their remedy is to return to litigation directed to a trial on the merits. While a settlement of this action may well be strongly in the interests of all concerned, a general provision in a preliminary settlement agreement committing the parties to an informal exchange of information is not a basis upon which to premise a motion to compel. Defendant's attendance at the deposition noticed for November 3, 2006, will not be compelled.

IT IS SO ORDERED.

Dated: November 2, 2006

RICHARD SEEBORG
United States Magistrate Judge

---

[1] The parties dispute whether discovery is open under Rule 26. Even assuming the parties' negotiations leading to their joint case management conference statement constituted the conference required under Rule 26 (f), and that discovery on the merits would otherwise be open, this is not discovery on the merits.

ORDER
C-05 3970 JW (RS)

2

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN GIVEN TO:**

Henry John Gutierrez    hjgutierrez@lchb.com, snguyen@lchb.com

John Lee Malesovas    jmalesovas@alicobuilding.com, john@malesovas.com; cathy@malesovas.com; sylvia@malesovas.com

Peter C. Meier    petermeier@paulhastings.com, nanettecosentino@paulhastings.com; sungkim@paulhastings.com; sharontugwell@paulhastings.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the Court's CM/ECF program.

**Dated: 11/2/06**                                              **Chambers of Judge Richard Seeborg**

                                                                **By:    /s/ BAK**

ORDER
C-05 3970 JW (RS)

3