1  Jonathan D. Selbin (SBN 170222)
      jselbin@lchb.com
2  H. John Gutierrez (SBN 235406)
      hjgutierrez@lchb.com
3  LIEFF, CABRASER, HEIMANN &
   BERNSTEIN LLP
4  275 Battery Street, 30th Floor
   San Francisco, California  94111-3336
5  Telephone:    (415) 956-1000
   Facsimile:    (415) 956-1008
6
   *Attorneys for Plaintiffs*
7
   (Additional Counsel Appearing on Signature Page)
8

9                  IN THE UNITED STATES DISTRICT COURT
                  FOR THE NORTHERN DISTRICT OF CALIFORNIA
10                              SAN JOSE DIVISION

11

12 | DON C. LUNDELL and GILLIAN | Civil Action No. C05-3970 JW/RS
   | ROBINSON, individually and on behalf of all |
13 | others similarly situated, | [~~PROPOSED~~] **ORDER GRANTING**
   |                           | **FINAL APPROVAL TO CLASS ACTION**
14 |           Plaintiffs,     | **SETTLEMENT AND FINAL ORDER**
   |                           | **AND JUDGMENT THEREON**
15 | v.                        |
16 | DELL, INC.,               |
17 |           Defendant.      |

18

19         On September 13, 2006 this Court granted preliminary approval to the proposed

20 class action Settlement between the parties.[1]

21         The Court also provisionally certified a nationwide Settlement Class, approved the

22 procedure for and forms of Notice, and set a final fairness hearing to take place on December 4,

23 2006.  The Settlement Class is defined as:

24         All individuals and entities in the United States who own or have
           owned a Dell Inspiron 5150 notebook computer.
25

26 _____

27 [1] Order Preliminarily Approving Class Action Settlement; Provisionally Certifying Nationwide
   Settlement Class; and Approving Procedure for and Forms of Notice at ¶ 1 ("Preliminary
28 Approval Order").

575820.1                              -1-

Preliminary Approval Order at ¶ 2.

On December 4, 2006, the Court held a duly-noticed final fairness hearing to consider whether to grant final approval to the Settlement. The Court heard argument from the parties and any others who elected to appear to voice their support for, or objection to, the Settlement.

Having read, reviewed and considered the papers filed with this Court, the oral arguments of counsel, and presentations by any Settlement Class members who appeared at the hearing, and based on its familiarity with the history of these proceedings, this Court finds and concludes as follows:

## I. THE CLASS NOTICE COMPLIED WITH THIS COURT'S ORDER, WAS THE BEST PRACTICABLE NOTICE, AND COMPORTED WITH DUE PROCESS.

The Court finds that the Notice to the Settlement Class of the pendency of this action and of the Settlement, disseminated via electronic messaging and first class mail (to Class members whom Dell determined did not receive notice via electronic message), and posting of the Notice on the www.lundellsettlement.com website, was fully implemented. The Court finds and concludes that these Notice procedures provided the best practicable notice to the members of the Class and satisfied the requirements of due process.

## II. CLASS CERTIFICATION OF A NATIONWIDE SETTLEMENT CLASS IS APPROPRIATE.

On September 13, 2006 this Court provisionally certified a nationwide Settlement Class, finding that all of the relevant criteria were satisfied. The propriety of class certification has not been questioned. This Court finds that class certification for settlement purposes is appropriate here.

Plaintiffs satisfy all of the applicable criteria for class certification under Federal Rule of Civil Procedure 23(b)(3) and the United States Supreme Court's decision in *Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997), in the context of settlement.[2] The numerosity

---

[2] The Court's nationwide class-related findings herein are made specifically in the context of the Settlement and in light of the Defendant's agreement to nationwide class certification for settlement purposes only, as *Amchem* allows.

requirement is met because the proposed Settlement Class comprises approximately 380,000 members throughout the United States who purchased allegedly defective computers, and it is wholly impracticable, if not impossible, to join individual members of a class of this size and geographic dispersion. *See* Fed. R. Civ. P. 23(a)(1); *Int'l Molders' & Allied Workers' Local Union No. 164 v. Nelson,* 102 F.R.D. 457, 461 (N.D. Cal. 1983) (numerosity generally met if the class consists of more than 40 members).

The commonality requirement is also met: in the absence of class certification and settlement, individual Class members could be forced to litigate core common issues of law and fact, all relating to the allegedly defective nature of the Inspiron 5150, and the Defendant's alleged common course of conduct in relation to the members of the Settlement Class. *See* Fed. R. Civ. P. 23(a)(2); *Hanlon v. Chrysler Corp.,* 150 F.2d 1011, 1019 (9th Cir. 1998). Because the Class members' claims all arise from the same alleged events and alleged course of conduct, and are based on the same legal theory, the typicality requirement is satisfied. *See* Fed. R. Civ. P. 23(a)(3); *In re United Energy Corp. Solar Power Modules Tax Shelter Invs. Sec. Litig.,* 122 F.R.D. 251, 256 (C.D. Cal. 1988) ("*United Energy*").

The adequacy of representation requirement is met here because the named Plaintiffs have the same interests as all members of the Settlement Class and are represented by experienced and competent counsel. *See* Fed. R. Civ. P. 23(a)(4); *United Energy,* 122 F.R.D. at 257.

The Court further finds that common questions predominate over individual issues in this action. *See* Fed. R. Civ. P. 23(b)(3); *Hanlon,* 150 F.3d at 1022. At the heart of this case are two fundamental issues common to all members of the class: whether, as Plaintiffs allege, the Inspiron 5150 is a uniformly defective product and whether, as Plaintiffs allege, Dell perpetrated a common fraud by concealing the alleged defect.

The Court finds that class treatment is superior to other means of resolving the instant dispute, because employing the class device here will not only achieve economies of scale for Class Members, but will also conserve the resources of the judicial system and preserve public confidence in the integrity of the system by avoiding the waste and delay of repetitive

proceedings and preventing the inconsistent adjudications of similar issues and claims. *See Hanlon*, 150 F.3d at 1023.

## III. FINAL SETTLEMENT APPROVAL IS APPROPRIATE.

The Ninth Circuit has stated that "there is an overriding public interest in settling and quieting litigation," and this is "particularly true in class action suits." *Van Bronkhorst v. Safeco Corp.*, 529 F.2d 943, 950 (9th Cir. 1976). In deciding whether to approve a proposed settlement of a defective product class action under Fed. R. Civ. P. 23(e), the court must find that the proposed settlement is "fundamentally fair, adequate and reasonable." *Hanlon*, 150 F.3d at 1026.

> Assessing a settlement proposal requires the district court to balance a number of factors: the strength of plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed, and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

*Id.* (citations omitted).

According to the Ninth Circuit, the inquiry to be made by the district court is limited. The Court must give "proper deference to the private consensual decision of the parties." *Id.* at 1027.

> [T]he court's intrusion upon what is otherwise a private consensual agreement negotiated between the parties to a lawsuit must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and the settlement, taken as a whole, is fair, reasonable and adequate to all concerned.

*Id.*

Here, the factors identified by the Ninth Circuit support approval of the Settlement.

### A. The Settlement Is the Product of an Adversarial, Arms'-Length Negotiation.

The Court finds that the Settlement is the result of intensive, arms'-length negotiations between experienced attorneys familiar with the legal and factual issues of this case.

575820.1

- 4 -

1  Settlement discussions extended for several months. The parties employed three experienced
2  and accomplished independent mediators during this period. The Settlement does not possess any
3  obvious deficiencies or indicia of fraud or collusion, such as unduly preferential treatment of the
4  named Plaintiffs and Class Representatives Don Lundell and Gillian Robinson[3] or other members
5  of the Settlement Class, or excessive attorneys' fees.[4] The Court therefore finds that the
6  Settlement is the product of an adversarial, arms'-length negotiation.

### B. Neither Side Can Be Guaranteed Success on the Merits.

The likelihood of Plaintiffs' success on the merits if the case were to proceed to trial is a key consideration in assessing the fairness, adequacy, and reasonableness of a settlement. Although each side could be expected to champion the merits of its case if this matter were to proceed to trial, both must also recognize the inherent uncertainty of litigation. Class Counsel possess ample knowledge – gained through experience and thorough investigation – of the factual and legal strengths and weaknesses of their case. At the same time, Defendant has been able to evaluate the strengths and weaknesses of its defenses. This Settlement is the product of uncertainty and careful risk/benefit analyses on both sides.

The proposed Settlement offers certainty and closure to all parties. It also avoids the substantial risks and delays that would be present if this hard-fought litigation continued at the trial level and through potentially lengthy appeals. The legal and factual hurdles that Plaintiffs faced had the potential to prevent any recovery from Defendant. Defendant has foregone an array of legal and fact-based defenses in acquiescing to the Settlement.

While Class Counsel believe the Settlement Class' claims are meritorious, they are also experienced and realistic, and understand that the duration and outcome of this litigation, and of any appeals that would inevitably follow a successful trial, are inherently uncertain. These risks must be considered in assessing the fairness of the Settlement, which guarantees against a

---

[3] In addition to being entitled to the same benefits as all Class Members, Class Representatives Don Lundell and Gillian Robinson will receive an incentive award in the amount of $750 for their efforts on behalf of the Class in this litigation and in obtaining this Settlement.

[4] The Court has addressed Class Counsel's request for an award of attorneys' fees and reimbursement of costs by separate Order.

result that would leave the Settlement Class without any recovery from Defendant, or with less than the Settlement offers.

Class Counsel in this case faced the particular risk of challenging Dell's stringent arbitration clause, which purports to both limit the ability of customers to bring any claim to binding arbitration, and prohibits class actions. Dell has succeeded in having courts enforce its arbitration clause against consumers seeking to bring class actions, even in this Circuit. *See Provencher v. Dell, Inc.*, 409 F. Supp. 2d 1196 (C.D. Cal. 2006); *Sherr v. Dell, Inc.*, No. 05 CV 10097, 2006 WL 2109436, slip op. (S.D.N.Y. July 27, 2006). *But see Cohen v. DirecTV, Inc.*, 48 Cal. Rptr. 3d 813, 822 n.13 (Cal. Ct. App. 2006) (rejecting *Provencher*). While the Court makes no finding as to whether it would have enforced that clause here, it is an issue that is complex and difficult and added to Class counsel's risk.

This Court therefore finds that neither side can be guaranteed success on the merits of their claims or defenses.

### C. The Proposed Settlement Offers Significant Relief Relative to the Range of Possibly Recovery.

The Settlement provides Class members 100% of their out-of-pocket expenses for certain qualifying repairs of the Dell Inspiron 5150 notebook computer and a new, limited one year extended warranty on the computers to cover qualifying repairs. The Court finds that these benefits to the Class are exceptional under the facts and circumstances of this case. Given the age and expected lifespan of the computers at issue, it is particularly important that the Settlement provides relief now rather than after years of additional litigation.

### D. Class Counsel And Settlement Class Members Overwhelmingly Support The Settlement.

#### 1. Class Counsel View The Settlement As Fair, Adequate And Reasonable.

Class Counsel support the proposed Settlement as fair, adequate and reasonable. Class Counsel conducted a thorough investigation and gathered information relating to this case from hundreds of Class members. In negotiating the Settlement, Class Counsel had the collective benefit of significant experience with the facts and law of this case, including consultation with

experts and data produced by Dell. Class Counsel have extensive experience in the litigation, certification, trial, settlement, and claims processing of product-related cases.

### 2. Class Members' Reactions Favor Final Approval.

Since the Court granted preliminary approval, Notice has been disseminated by electronic messaging and first class mail, and also posted on the Internet, advising Class members of their rights to comment on or opt out of the Settlement. In response, only one objection to the Settlement was filed, and only 72, out of approximately 380,000 Class members, opted out. The one filed objection, that of Shannon Bell, was subsequently withdrawn and thus the Court makes no finding as to its merit.

Here, the Court finds that the overwhelming non-opposition to the Settlement indicates that the vast majority of Settlement Class members support the Settlement as fair, adequate and reasonable.

\*   \*   \*

Accordingly, the entire matter of the proposed Settlement having been duly noticed, and having been fully considered by the Court,

**IT IS HEREBY ORDERED AND ADJUDGED that:**

1. This Court has jurisdiction over the claims of the Class members asserted in this proceeding, personal jurisdiction over the settling parties, and subject matter jurisdiction to approve the Settlement Agreement.

2. This Court confirms that the applicable requirements of Federal Rule of Civil Procedure 23 have been satisfied with respect to the Settlement Class. Accordingly, the Court makes final its September 13, 2006 Preliminary Approval Order with respect to the Class' claims against Dell, for purposes of effectuating the Settlement.

3. Notice given to the members of the Settlement Class constituted the best notice practicable to apprise the Settlement Class members of the pendency of this action, all material elements of the Settlement, and their opportunity to exclude themselves from, to object to, or to comment on the Settlement and to appear at the final fairness hearing. Notice given was due, adequate, and sufficient notice to all Settlement Class members, and complied fully with the

1 Federal Rules of Civil Procedure, due process, and any other applicable rules of the Court. A full
2 opportunity has been afforded to the Settlement Class members to participate in the final fairness
3 hearing, and all Settlement Class members and other persons wishing to be heard have been
4 heard. Accordingly, the Court determines that all members of the certified Settlement Class,
5 except to the extent such Settlement Class members have timely excluded themselves from the
6 Class, are bound by this Final Order and Judgment.

  4. The Court hereby grants final approval to the Settlement and finds that it is fair, adequate and reasonable, and in the best interests of the Settlement Class as a whole.

  5. In addition to any recovery they may receive under the Settlement Agreement, and in recognition of their efforts on behalf of the Settlement Class, the Court approves an award of $750.00 each to Class Representatives Don C. Lundell and Gillian Robinson.

  6. All objections to the Settlement have been considered by the Court and are hereby overruled.

  7. Without affecting the finality of this Final Order and Judgment, the Court reserves continuing and exclusive jurisdiction over the parties to the Settlement Agreement, including Defendant and Settlement Class members, to administer, supervise, construe and enforce the Settlement Agreement in accordance with its terms for the mutual benefit of the parties.

  8. The Settlement Agreement is expressly incorporated herein by this reference, and has the full force and effect of an order of this Court. The parties shall consummate the Settlement Agreement according to its terms.

  9. As to Defendant, and except as to Settlement Class members who have timely requested exclusion from the Class, the operative Complaint in this action is dismissed with prejudice, and Defendant is released from claims regarding the Inspiron 5150 notebook computer pursuant to Article VIII of the Settlement Agreement.

  10. In the interests of justice, there being no just reason for delay, the Court expressly directs the Clerk of the Court to enter this Final Order and Judgment, and hereby orders

1 | that upon entry, it be deemed as a final judgment and appealable in accordance with the terms of
2 | the Settlement.
3 |     11.    The Court is addressing Class Counsel's request for an award of attorneys'
4 | fees and reimbursement of costs by separate Order. That Order Granting Class Counsel's Motion
5 | for an Award of Attorneys' Fees and Costs is incorporated by reference into this Judgment.
6 |     SO ORDERED this __4__ day of December, 2006.

_____
Hon. James Ware
United States District Judge